UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SEAN P. RICH, )
 )
               Petitioner, )
 )
               vs. )    No. 2:17-cv-00103-LJM-MJD
 )
DICK BROWN Superintendent, )
 )
             Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Sean Rich for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 17-01-0016. For the reasons explained in this Entry, Mr. Rich's habeas petition must be **denied**.

    A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *see Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *see Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). *See also Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 5, 2017, Officer Huston wrote a Conduct Report charging Mr. Rich with unauthorized possession of property in violation of Code B-215. The Conduct Report states:

> On 1-5-17 at approximately 7 a.m. I, c/o J. Huston observed offender Sean Rich DOC #995701 who works in North Industry Print Shop enter the North Industry Wire Shop with an unopened package of (100) 4x4 cotton pads taken from the Print Shop and made the attempt to pass to another offender which I intercepted.

Dkt. 12-1 at 1.

Mr. Rich was notified of the charge on January 9, 2017, when he received the Screening Report. He plead not guilty to the charge and did not request any physical evidence. He requested a lay advocate and Mr. Wehmeyer, his job supervisor, as a witness. Mr. Wehmeyer provided witness statements via two e-mails. In the first he stated, "Yes one of [Mr. Rich's] jobs is a backup supply clerk for the Print Shop[,] [n]ot the wire shop[.] [H]is mistake was taking them to the wire shop without a Forman permission. Wire shop foreman did not ask for them." Dkt. 12-5 at 1. And in the second he stated, "We don't use cotton pads in the Wire Shop." Dkt. 12-6 at 1.

A hearing was held on January 12, 2017. Mr. Rich stated at the hearing, "It was a mistake – I didn't hear clearly." Dkt. 12-8 at 1. Based on the Conduct Report, Mr. Rich's statement, the witness statements, a photo of the cotton pads, and the confiscation form regarding the cotton pads, the hearing officer found Mr. Rich guilty of unauthorized possession of property. The sanctions imposed included a thirty-day earned-credit-time deprivation.

Mr. Rich appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

The petitioner raises nine grounds for relief in his habeas petition. The respondent contends that several of the petitioner's claims are unexhausted and thus procedurally defaulted, and that the remaining claims lack merits. The Court will begin with the issue of exhaustion before turning to the merits of the claims that were properly exhausted.

### 1. *Exhaustion*

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Fair presentment requires a petitioner to "put forward [the] operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006) (citation and quotation marks omitted).

The only claims that Mr. Rich raised in both of his administrative appeals that he also raised in his habeas petition are those regarding (1) the sufficiency of the evidence, (2) whether his sanctions were excessive, and (3) whether his mental health was appropriately considered by the hearing officer. *See* dkt. 12-11 at 1-7; dkt. 12-13 at 1-5. Because his administrative appeals

process is complete and Mr. Rich only exhausted these claims, all of his other claims are procedurally defaulted. *See Perruquet*, 390 F.3d at 514.

Mr. Rich acknowledges that he did not raise all of his claims during his administrative appeals. But he appears to argue that he should be excused for failing to raise his additional claims because the administrative appeals officers will not consider procedural errors that do not implicative due process rights and that he was generally "unable to keep up" with the prison policies due to his work schedule. Dkt. 1 at 7.

"A federal court may excuse a procedural default if the habeas petitioner establishes that . . . there was good cause for the default and consequent prejudice." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (citation and quotation marks omitted).

As an initial matter, even assuming that administrative appeals officers will not consider claims other than due process claims, this does not prevent inmates such as Mr. Rich from raising them. But more importantly, if prison policy only allows inmates to raise issues that implicate due process concerns, these are the only claims that can be raised in federal habeas proceedings anyway. Thus, to the extent that he did not raise certain claims in his administrative appeals because they were not due process claims, as discussed further below, these claims—based on IDOC policy or state law—could not entitle Mr. Rich to habeas relief and thus he was not prejudiced by this purported policy.

Mr. Rich's other reason for not raising all of his claim in his administrative appeals—that he was "unable to keep up" with the prison policies due to his work schedule—does not establish

cause to overcome his procedural default. First, Mr. Rich filed lengthy administrative appeals discussing numerous aspects of his disciplinary conviction, which belies any contention that he lacked time to submit adequate administrative appeals. Second, to the extent he contends that he lacked time to learn the relevant prison policies, the Seventh Circuit has made clear that a personal lack of knowledge or ability does not establish cause. *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990). This makes sense, given that "[c]ause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." *Johnson*, 786 F.3d at 505. Moreover, even if his asserted lack of adequate knowledge regarding the disciplinary process could establish good cause, Mr. Rich has failed to explain with any specificity what knowledge of prison policy he lacked at the time he filed his administrative appeals, but later gained, such that he was able to raise his claims in this habeas proceeding but not during the administrative appeals.

For these reasons, other than the three issues noted above, Mr. Rich has procedurally defaulted his remaining claims and has failed to show the necessary cause and prejudice to excuse his procedural default.

### 2. *Sufficiency of the Evidence*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *See*

*Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The prison disciplinary code states that an inmate violates Code B-215 if they engage in the "unauthorized possession of property," which is defined as "unauthorized possession . . . of State property or property belonging to another." *See* Indiana Department of Correction Adult Disciplinary Process, at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Mr. Rich presents several arguments as to why there is insufficient evidence that he violated this provision. For example: (1) he is allowed to be in possession of cotton pads due to his work; (2) he did not attempt to leave his assigned work area, as he was merely at the door of the Wire Shop asking a question; and (3) he lacked the requisite intent to commit the offense.

The problem with Mr. Rich's arguments is that, in a federal habeas proceeding such as this, the Court can only assess "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). And there certainly is some evidence that Mr. Rich's possession of the cotton pads (which he does not dispute he possessed) was unauthorized. First, the Conduct Report states that Mr. Rich "made [an] attempt to pass [the cotton pads] to another offender which [the correctional officer] intercepted." Dkt. 12-1 at 1. Mr. Rich's response is that he was authorized to do so or, alternatively, that he was not aware this violated any rules. However, his own witness—his job supervisor, Mr. Wehmeyer—contradicts this. Mr. Wehmeyer testified by written statement that Mr. Rich's "mistake was taking [the cotton pads] to the wire shop *without a Forman permission*," since the "[w]ire shop foreman did not ask for them." Dkt. 12-5 at 1 (emphasis added). Further, he testified

that "[w]e don't use cotton pads in the Wire Shop." Dkt. 12-6 at 1.[1] Based on this testimony, the hearing officer had sufficient evidence to conclude that Mr. Rich's possession of the cotton pads was unauthorized, and he is not entitled to relief on this claim.

### 3. Appropriateness of Sanctions

Mr. Rich's next claim challenges the appropriateness of his sanctions, contending that they are excessive for several reasons. For example, Mr. Rich argues that given his conduct and his history of having few disciplinary incidents during his lengthy period of incarceration, he should not have been subject to such harsh penalties.

Mr. Rich's credit-time sanction was thirty days, which is well below the ninety-day maximum sanction for a Class B offense. *See* IDOC Policy and Administrative Procedure, http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_ for_Adult_Offenders___6-1-2015.pdf. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Sanctions significantly lower than the maximum certainly do not meet this high standard. Mr. Rich is thus not entitled to relief on this basis.

### 4. Failure to Consult with Mental Health Professionals During the Disciplinary Hearing

Mr. Rich's final claim that was properly exhausted is that the hearing officer failed to consult a mental health professional regarding Mr. Rich's mental health status in violation of IDOC policy and a settlement agreement in a civil action from this Court. Specifically, IDOC policy

---

[1] Mr. Rich challenges the appropriateness of having Mr. Wehmeyer testify by written statement and argues that he was unable to ask Mr. Wehmeyer the questions he wanted. *See* dkt. 1 at 4. But as discussed above, Mr. Rich did not exhaust this claim in his administrative appeals, and thus it is procedurally defaulted.

requires that if an offender has a mental illness, the hearing officer "shall contact the Mental Health Professional of the facility" to determine with them whether "the incident was a result of the offender's mental illness." IDOC Policy and Administrative Procedure, http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy or a settlement agreement, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Rich is not entitled to relief on this basis.

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Rich to the relief he seeks. Accordingly, Mr. Rich's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __8/8/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Abigail T. Rom
OFFICE OF THE INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov

SEAN P. RICH
995701
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only